**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL ESTUARDO SOLORZANO PILLA, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, *et al.*, <br><br> Respondents. | Civil Action No. 26-2232 (JXN) <br><br><br> <u>**MEMORANDUM AND ORDER**</u> |

<u>**NEALS**</u>, <u>District Judge</u>

Before the Court is Petitioner Daniel Estuardo Solorzano Pilla's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities without an individualized bond hearing (Habeas Pet., ECF No. 1) and Respondents' letter response (Resp., ECF No. 5).

Petitioner, a citizen of Ecuador, entered the United States without admission or parole on September 11, 2023. (Habeas Pet. ¶ 22.) On the same day, he was apprehended by a border patrol agent, issued a Notice to Appear, and ultimately released on his own recognizance. (*See id.* ¶ 23.) Petitioner has a pending 1-589 Application for Asylum and Withholding of Removal petition with the Immigration Court. (*Id.* ¶¶ 24–26.) On November 10, 2024, Petitioner's wife, a United States citizen, filed a Form I-130 Petition for Alien Relative on behalf of Petitioner. (*Id.* ¶ 26.) Petitioner submits that he has no criminal record and has followed his ICE supervision requirements. (*Id.* ¶¶ 26, 33.)

Immigration Customs and Enforcement ("ICE") agents arrested Petitioner on February 6, 2026, due to his failure to check in with ICE via the Compliance Assistance Reporting Terminal

("CART") program. (Resp. at 2.) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he purportedly is being held in mandatory detention under 8 U.S. C. § 1225(b)(2). (*Id.*)

On March 12, 2026, the Court ordered Respondents to file an answer. (*See* Order, ECF No. 3.) On March 23, 2026, Respondents filed a letter response. (*See* Resp.)

The Petition contends that Petitioner's detention is unlawful. (*See generally* Habeas Pet.) Respondents do not dispute the salient facts and acknowledge that here they assert the same position courts across the country have almost unanimously rejected,[1] including this Court in *Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025). (*See* Resp.) In *Velasquez*, Respondents argued the Department of Homeland Security ("DHS") has implemented a new policy interpreting the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Velasquez*, 2025 WL 3653657, at *2–3.

In *Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *Id.* at *3–5. The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held

---

[1] *See Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026) (noting "federal courts have in near unanimity similarly rejected respondents' position in approximately 300 cases to date, a number which climbs with every passing day.").

2

that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[2]

Based on this Court's statutory interpretation in *Velasquez*, the Court finds the facts asserted in the Petition establish that Petitioner cannot be mandatorily detained under § 1225(b)(2) as he has resided in the United States for over two years after entry without admission or parole, and his continued detention under that statute is unlawful. Petitioner's §2241 Petition must therefore be granted.

Respondents argue that if the Court finds that §1225(b)(2) does not apply to Petitioner— which it has—a bond hearing under §1226(a) is the only remedy available to Petitioner. (Resp. at 2.) Although Petitioner may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him the bond hearing to which he is entitled under that statute." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026). The Court will not correct Respondents' unlawful application of § 1225(b)(2) and detention of Petitioner by converting Petitioner's detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). Respondents detained Petitioner unlawfully

---

[2] *See also Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding that the petitioner's continued immigration detention under 8 U.S.C. § 1225(b)(2) was unlawful. The Government argued that the statute authorized mandatory detention; however, it acknowledged that Courts in this District have repeatedly rejected applying § 1225(b)(2) to individuals who have lived in the United States for a significant period after entering with inspection. Consistent with prior District decisions, the Court found that the petitioner fell within the class of individuals who cannot be detained under § 1225(b)(2), concluded that the petitioner's detention was unlawful, and granted the habeas petition) (first citing *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); and then citing *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026)).

3

under § 1225(b)(2), and the Court has found that he is not subject to detention under that statute. Therefore, Respondents shall release Petitioner from custody immediately upon his return to New Jersey. Accordingly,

**IT IS**, on this 25th day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention no later than March 26, 2026, at 5:00 p.m., under the same conditions, if any, that existed prior to his detention; it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioner's release from custody; it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

4

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge